UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

RAHSAN HARRIS,

                            Plaintiff,

- versus -

CITY OF NEW YORK, JAMAICA HOSPITAL, DEPARTMENT OF CORRECTIONS

                            Defendants.

MEMORANDUM AND ORDER
13-CV-4473

JOHN GLEESON, United States District Judge:

        Rahsan Harris, currently incarcerated at the Robert N. Davoren Center At Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[1] Harris's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, but for the reasons discussed below, the complaint is dismissed.

## BACKGROUND

        Harris alleges that on July 19, 2012, he was "misdiagnosed and mistreated by a surgeon in the Trauma Center" of Jamaica Hospital. Compl. at 2-3, ECF No. 2. Specifically, Harris alleges that the surgeon "failed to repair [the] tendon in [his] left thumb before closing the wound with sutures." Compl. at 3. Harris seeks monetary damages. Compl. at 5.

## DISCUSSION

A.    *The Standard of Review*

        Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma*

---

[1]    This action was transferred to this court from the United States District Court for the Southern District of New York by Order dated August 7, 2013, ECF No. 3.

*pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

District courts are required to read *pro se* complaints liberally: "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court must therefore interpret the complaint "to raise the strongest arguments that it suggests." *Chavis v. Chappuis*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)) (internal quotation marks omitted). Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To state a claim for relief pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

B.  *Analysis*

   1.  *The City of New York*

"Congress did not intend municipalities to be held liable," under § 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Thus, "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). The fifth element reflects the principle that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). In other words, a municipality may not be held liable under § 1983 "by application of the doctrine of *respondeat superior*." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (plurality opinion). Rather, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Harris has failed to allege any facts demonstrating that an official policy or custom of the City of New York caused a violation of his federally protected rights. Accordingly, his claims against the City of New York are dismissed.

   2.  *Jamaica Hospital*

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Kia P. v. McIntyre*, 235 F.3d 749, 755 (2d Cir. 2010) (internal quotation marks and citations omitted). In

3

other words, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). Harris has not alleged that Jamaica Hospital or its staff members were state actors or that their actions "bec[a]me so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action." *Perez v. Sugarman*, 499 F.2d 761, 764-65 (2d Cir. 1974) (internal quotation marks and citations omitted). Accordingly, his claims against Jamaica Hospital are dismissed.

        3.        *City of New York Department of Correction ("DOC")*

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. The DOC is an agency of the City of New York and a non-suable entity. *See Campbell v. New York City*, No. 12-CV-2179, 2012 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2012) (dismissing all claims against DOC as a non-suable agency). Accordingly, Harris's claims against the DOC are dismissed.

When dismissing a complaint, a court should afford the plaintiff an opportunity to amend his pleading "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). Therefore, I grant Harris leave to file an amended complaint.

CONCLUSION

Accordingly, the complaint is dismissed without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A. Harris may file an amended complaint within 30 days from the date of this order. Harris's amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. Harris is advised that any amended complaint he files will completely replace the original complaint. If Harris fails to comply with this order within the time allowed, the case will be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: August 29, 2013
      Brooklyn, New York